| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA     §

§

*versus*     §    CASE NO. 1-22-CR-99(5)

§

ARLENE VALDEZ     §

### MEMORANDUM AND ORDER

Pending before the court is Defendant Arlene Valdez's ("Valdez") *pro se* Motion for Reconsideration 18 U.S.C. § 3742(a) Post Sentencing Rehabilitation Programming (#263) and *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#266). The Government filed a response in opposition (#268). United States Probation and Pretrial Services ("Probation") reviewed the filings and recommends denying the motions. Having considered the motions, the submissions of the parties, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the first motion should be denied and the second motion should be dismissed, or in the alternative, denied.

I.    <u>Background</u>

On May 1, 2023, the United States Attorney in the Eastern District of Texas, Beaumont Division, filed an Information against Valdez (#134). Valdez was charged in Count One of the Information with Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance (Cocaine HCl), in violation of 21 U.S.C. §§ 846 and 841(a)(1). Valdez pleaded guilty to Count One of the Information on May 8, 2023, pursuant to a non-binding plea agreement. On July 2, 2024, the court sentenced Valdez to 71 months' imprisonment, followed by a five-year term of supervised release, in accordance with the terms of the plea agreement. She did not appeal

her conviction or sentence. Valdez, age 32, is currently housed at Federal Prison Camp ("FPC Bryan"), located in Bryan, Texas. Her projected release date is October 15, 2028.

In her first motion, Valdez requests a sentence reduction pursuant to 18 U.S.C. § 3742(e) based on post-sentencing rehabilitation. Her reliance on this statute is misplaced. Section 3742 addresses when a defendant may file a notice of appeal to review her sentence. Valdez, however, did not appeal her conviction or sentence and she does not now appear to be seeking to file an appeal, as it is well past the 14-day post-judgment period allowed for the filing of a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i) (requiring that a defendant in a criminal case file a notice of appeal within 14 days after the entry of the judgment or order being appealed). Moreover, § 3742(e), the specific statute she mentions, pertains to the consideration by the court of appeals of a sentence imposed by the district court. Clearly, this court, a district court, has no jurisdiction to take any action pursuant to 18 U.S.C. § 3742(e). Hence, Valdez's first motion must be denied.

In her motion for compassionate release, Valdez claims that she has "consistently exhibited meaningful rehabilitation, accepted responsibility for her actions, and demonstrated a clear commitment to change." She asserts that "she has completed educational and rehabilitative programming, maintained a clear disciplinary record, and taken active steps toward productive reintegration into society." Valdez also claims that there is "a clear and unjustified sentencing disparity among co-defendants in this case" even though she received the lowest sentence imposed in this multi-defendant conspiracy. She further maintains that she "has a history of severe anxiety and untreated PTSD, both of which have been exacerbated by the stress of incarceration and separation from her children." Valdez does not include any medical records to substantiate these

allegations.  In addition, she contends that her prior place of confinement, FCI Aliceville, "lacks consistent mental health support tailored to women with trauma-induced psychological needs." Moreover, Valdez states that she "is the primary caregiver for her minor children" and that her release "is crucial to restore familial structure and prevent long-term trauma to her children."  She adds that she "poses no danger to the community" and has "a low risk of recidivism."

II.    Compassionate Release

A.    Controlling Law

A judgment of conviction that imposes a sentence of imprisonment is a "'final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *accord Freeman v. United States*, 564 U.S. 522, 526 (2011); *see* 18 U.S.C. § 3582(c).  Section 3582(c)(1)(A) embodies a rare exception to a conviction's finality.  This statute gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment.  The First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194, in part, amended 18 U.S.C. § 3582(c)(1)(A), which currently provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

3

of imprisonment), after considering the factors set forth in section 3553(a)[1] to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

This provision is commonly referred to as "compassionate release." *See, e.g.*, *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) ("We often refer to this as 'compassionate release' because courts generally use it for prisoners with severe medical exigencies or infirmities.").

Rather than define "extraordinary and compelling reasons," Congress elected to delegate its authority to the United States Sentencing Commission ("Commission"). *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific

---

[1] Section 3553(a) directs courts to consider:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") provisions and policy statements; any pertinent policy statement of the United States Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

examples"); *United States v. Jean*, 108 F.4th 275, 278 (5th Cir. 2024), *abrogated on other grounds by United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025); *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022); *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Although the Commission issued a policy statement prior to the passage of the Act that described the reasons that qualify as extraordinary and compelling, that policy statement referenced only those motions filed by the Director of the BOP—thus, the United States Court of Appeals for the Fifth Circuit and other courts held that it was inapplicable to motions filed by defendants on their own behalf. *See Jackson*, 27 F.4th at 1090; *Cooper*, 996 F.3d at 287-88; *Shkambi*, 993 F.3d at 392.

Effective November 1, 2023, the Commission—responding to, among other things, the Act—amended the Guidelines to extend the applicability of the policy statement set forth in U.S.S.G. § 1B1.13 to defendant-filed motions and to broaden the scope of what qualifies as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13. Section 1B1.13(b), as amended, identifies six categories of circumstances that may qualify as "extraordinary and compelling." *Id*. § 1B1.13(b). These categories are:

(1)    the medical circumstances of the defendant;

(2)    the age of the defendant;

(3)    the family circumstances of the defendant;

(4)    whether the defendant was a victim of abuse while in custody;

(5)    other reasons similar in gravity to those previously described; and

(6)    an unusually long sentence.

*Id*. § 1B1.13(b)(1)-(6).

As a result, a prisoner seeking compassionate release on her own motion must satisfy the following hurdles:

(1)    the defendant must have exhausted her administrative remedies;

(2)    "extraordinary and compelling reasons" must justify the reduction of her sentence or she must satisfy the requirements of § 3582(c)(1)(A)(ii);

(3)    the reduction must be consistent with the Commission's applicable policy statements; and

(4)    the defendant must convince the court to exercise its discretion to grant the motion after considering the § 3553(a) factors.

*Jackson*, 27 F.4th at 1089; *Shkambi*, 993 F.3d at 392; *accord United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *see Austin*, 125 F.4th at 692.

B.    Exhaustion of Administrative Remedies

Section 3582(c)(1)(A)'s plain language makes it clear that the court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021) ("[T]o file a proper motion for compassionate release in the district court, a prisoner must first exhaust the available administrative avenues."); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is *not* jurisdictional, but that it *is* mandatory").  Accordingly, before seeking relief from the court, a defendant must first submit a request to the warden of her facility to move for compassionate release on her behalf and then either exhaust her administrative remedies or wait for the lapse of 30 days after the warden received the request.  18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338 ("[A]n inmate has two routes by which he may exhaust his administrative remedies.  Both

6

begin with 'requesting that the [BOP] bring a motion on the defendant's behalf.'" (quoting *Franco*, 973 F.3d at 467)).

Although this requirement is said to be mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule." *Franco*, 973 F.3d at 468. "Mandatory but nonjurisdictional procedural filing requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022); *see United States v. Harden*, No. 4:11-CR-127-SDJ, 2025 WL 562716, at *5 (E.D. Tex. Feb. 20, 2025). Therefore, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *McLean*, 2022 WL 44618, at *1.

The defendant bears the burden of proving that she has exhausted her administrative remedies before filing a motion for compassionate release. *United States v. Garcia-Martinez*, No. EP-24-CR-0764-DCG-1, 2025 WL 2427619, at *2 (E.D. Tex. Aug. 18, 2025); *accord United States v. DeJean*, No. 2:18-cr-120, 2025 WL 3687269, at *3 (E.D. La. Dec. 19, 2025); *United States v. Mahaffey*, No. 17-54-DLB-MAS-1, at *2 (E.D. Ky. July 3, 2025); *United States v. Escobar*, No. 15-CR-150-2 (ARR), 2024 WL 2111573, at *2 (E.D. N.Y. May 10, 2024); *United States v. Avelar*, No. 3:16-cr-0351-B-2, 2022 WL 17096173, at *2 (N.D. Tex. Nov. 20, 2022); *United States v. Singleton*, No. 14-168, 2022 WL 3576767, at *1-2 (E.D. La. Aug. 19, 2022). Without evidence that the defendant requested compassionate release from the warden and that thirty days have passed since the warden received or denied the request, the defendant fails to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *Avelar*, 2022 WL 17096173, at *2 (finding the exhaustion requirement was not met where a defendant provided a copy of a letter purportedly sent

to the warden but did not provide proof the warden received the letter) (citing *United States v. Knox*, No. 3:12-CR-0252-B, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020)).

A defendant's motion for compassionate release must be based on the same circumstances as those raised in her request for release to the warden of the facility where she is housed. *United States v. Dodd*, No. 4:13-CR-182-SDJ, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020) (stating that "[i]n order to exhaust her administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in her motion"); *accord United States v. Gonzalez*, 849 F. App'x 116, 117 (5th Cir. 2021); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021); *United States v. York*, No. 4:07-CR-181-SDJ, 2025 WL 1397198, at *2-3 (E.D. Tex. May 14, 2025); *United States v. Thomas*, No. 4:19-CR-28-SDJ, 2023 WL 5279457, at *5 (E.D. Tex. Aug. 16, 2023) (citing *United States v. Mendoza-Garibay*, No. 4:13-CR-00281, 2023 WL 307459, at *1 (E.D. Tex. Jan. 18, 2023)). "It would disrupt the 'orderly system for reviewing compassionate-release applications' and 'incentivize[] line jumping' to permit defendants to present grounds for compassionate release to the Court that the BOP had not already received the opportunity to consider." *United States v. Silcox*, No. 3:17-CR-134-TAV-HBG-1, 2020 WL 4341758, at *2 (E.D. Tenn. July 28, 2020) (quoting *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020)). Hence, the facts asserted in an inmate's request to the warden and in her motion for compassionate release must be consistent. *United States v. Scott*, No. CR 17-114, 2024 WL 2187849, at *2 (E.D. La. May 14, 2024); *United States v. Reeves*, No. 3:18-cr-313-B, 2020 WL 3895282, at *2 (N.D. Tex. July 10, 2020); *United States v. Samak*, No. 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020); *see Gonzalez*, 849 F. App'x at 117.

Further, "the exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release." *United States v. Cantu*, No. 7:17-cr-01046-2, 2022 WL 90853, at \*1 (S.D. Tex. Jan. 5, 2022) (citing *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020)); *accord DeJean*, 2025 WL 3687269, at \*3; *Mendoza-Garibay*, 2023 WL 307459, at \*2. "It is well-settled that the exhaustion requirement is not satisfied when the defendant previously sought administrative relief *on a different ground* than the ground presented to the district court." *DeJean*, 2025 WL 3687269, at \*3. Successive compassionate release motions must independently satisfy the exhaustion requirement. *United States v. Ford*, No. 1:16-CR-19-HAB, 2021 WL 5980368, at \*2 (N.D. Ind. Dec. 16, 2021). "If a prisoner were only required to make one request to the BOP and forever after [be] able to file new motions asserting new grounds for relief, the purpose of the exhaustion requirement would be severely undermined." *United States v. Wardle*, No. 5:18-57-KKC, 2021 WL 4822827, at \*3 (E.D. Ky. Oct. 14, 2021); *accord Rivas*, 833 F. App'x at 558; *Ford*, 2021 WL 5980368, at \*2.

In this instance, the Government invokes § 3582(c)(1)(A)'s exhaustion requirement. The Government states, "[as] a threshold matter, Arlene Valdez did not present those grounds [for compassionate release] to the BOP, let alone in a way that gave the BOP a chance to evaluate them and decide whether to make a motion on her behalf." Valdez makes no mention and gives no indication in her filings (#s 263, 266) that she attempted to exhaust her administrative remedies, and there is no evidence before the court that she has sought relief from the warden or other BOP personnel. Absent such evidence, Valdez cannot prevail. The court is without authority to waive the exhaustion of administrative remedies or the 30-day waiting period. *Franco*, 973 F.3d at 468 ("Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant

9

has not filed a request with the BOP."); *see United States v. Harper*, No. 24-30275, 2024 WL 4664018, at *1 (5th Cir. Nov. 4, 2024) ("[B]ecause the Government properly raised the rule requiring exhaustion in the district court, 'the court *must* enforce the rule.'" (quoting *Franco*, 973 F.3d at 468)); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) ("[B]ecause this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it."); *United States v. Gomez*, No. 2:17-cr-41-KS-MTP, 2025 WL 420531, at *2 (S.D. Miss. Feb. 6, 2025) ("Congress used clear language:  all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts."); *United States v. York*, No. 17-00086-BAJ-RLB, 2024 WL 3771442, at *3 (M.D. La. Aug. 13, 2024) (recognizing that a court may not modify a term of imprisonment if a defendant has not filed a request with the BOP); *United States v. Garcia*, No. CR 2:18-1337, 2020 WL 3000528, at *3 (S.D. Tex. June 2, 2020) ("While the Court sympathizes with Defendant's plight, because he has failed to comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it."); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) ("[J]udge-made exhaustion doctrines . . . remain amenable to judge-made exceptions," whereas "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.").

Here, because Valdez presents no evidence that she submitted a request to the warden raising the claims she now asserts in her motion for compassionate release, she has not met her burden of proof to establish that she has exhausted her administrative remedies.  Therefore, due

to her failure to exhaust her administrative remedies before filing her current motion, the court lacks the authority to grant the relief Valdez requests.

III.    Conclusion

In sum, Valdez has not satisfied her burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. She has no grounds for relief pursuant to 18 U.S.C. § 3742(e), as claimed in her first motion. As to her second motion, Valdez has failed to show that she exhausted her administrative remedies before seeking compassionate release. Therefore, in accordance with the foregoing analysis, Valdez's *pro se* Motion for Reconsideration 18 U.S.C. § 3742(a) Post Sentencing Rehabilitation Programming (#263) is DENIED. Valdez's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#266) is DISMISSED, or in the alternative, DENIED.

SIGNED at Beaumont, Texas, this 13th day of April, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE